THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TOMAC TRUST, ROYAL WEST PROPERTIES, LLC, ET AL., <br><br> Plaintiffs, <br> v. <br><br> MILLCREEK COMMERCIAL PROPERTIES, LLC, ET AL., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-00774-DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiffs seek permission to conduct limited and early discovery in this matter by issuing three subpoenas for documents.[1] Plaintiffs allege the documents are needed to "help the parties understand better the facts and evidence related to the claims at issue" in hopes of aiding settlement because several of the parties have agreed to participate in a settlement conference. The court will grant the motion.

Federal Rule of Civil Procedure 26(d)(1) provides "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[2] The parties here will not be participating in a Rule 26(f) attorney's planning meeting or submitting a scheduling order to the court until after engaging in settlement negotiations. Therefore, to seek discovery Plaintiffs must obtain permission by court order.

---

[1] Motion to Conduct Limited Early Discovery by Issuing Subpoenas, ECF No. 55.

[2] Fed. R. Civ. P. 26(d)(1).

Plaintiffs seek the following discovery from certain third parties as outlined in their motion:

> **First American Title Insurance Company** ("FATIC")—FATIC closed several of the transactions by which Plaintiffs acquired their tenants-in-common interest in the Property. Plaintiff[s] seek information and documents regarding the transactions closed by FATIC and its dealings with the Defendants.
>
> **SARC USA, LLC** ("SARC")—SARC is the bankruptcy court (Case No. 2:24-bk-00631-EPB) appointed owner and holder of Neuragenex communications. Plaintiffs seek information in the possession of SARC related to the property at issue, the leases, the tenant in common ownerships sold to the Plaintiffs, and the transactions involving the defendants.
>
> **Prospect Title Insurance Agency, LLC** ("Prospect")—Prospect closed one or more transactions involving the original purchase and/or sell of the Property. Plaintiffs seek information and documents relating to the closing of the transaction, the information about the closing, and the dealings with the Defendants.[3]

There has been no opposition to the requested discovery by Defendants. However, these third parties could still choose to object to the subpoenas, which if needed, protects any interests those parties may have in the information. Therefore, based on the objectives of encouraging settlement,[4] the court GRANTS Plaintiffs permission to seek limited early discovery to help facilitate settlement.

IT IS SO ORDERED.

DATED this 24 February 2025.

Dustin B. Pead
United States Magistrate Judge

---

[3] Motion at 1-2.

[4] *See, e.g., Desai v. Garfield Sch. Dist.*, No. 4:23-CV-00103-DN-PK, 2024 WL 4490482, at *3 (D. Utah Aug. 13, 2024), report and recommendation adopted, No. 4:23-CV-00103-DN-PK, 2024 WL 4143794 (D. Utah Sept. 11, 2024) (noting Congress's strong preference for encouraging voluntary settlements of employment discrimination claims); *Agridyne Techs., Inc. v. W.R. Grace & Co.- Conn.*, 863 F. Supp. 1522, 1527 (D. Utah 1994) (noting the strong "public policy of promoting negotiation and settlement to avoid litigation").