Brett Anderson (11809)
**Blackburn & Stoll, LC**
257 East 200 South, #800
Salt Lake City, UT 84111
Telephone: 801-578-3540
bretta@blackburn-stoll.com

A. Lee Rigby
David C. Lawrence
William A. Duncan
Braden N. Anderson
**Rigby Slack, PLLC**
3500 Jefferson St., Suite 330
Austin, Texas 78731
Telephone: 512-782-2060
lrigby@rigbyslack.com
dlawrence@rigbyslack.com
wduncan@rigbyslack.com
banderson@rigbyslack.com

*Attorneys for the Plaintiffs*

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHERYL TOMAC, an individual and trustee of the Tomac Trust, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COLLIERS INTERNATIONAL GROUP, INC., et al., <br><br> Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT KEVIN LONG'S MOTION TO DISMISS** <br><br> Case No. 2:24-cv-00774-DBP |

Plaintiffs Cheryl Tomac, trustee of the Tomac Trust;  Royal West Properties, LLC (Willard Malmstrom, manager); Colleen Overson, trustee of the Wayne B. Bulau Irrevocable Trust; James Herbert, trustee of the Revocable Trust Agreement of James A. Herbert; Janice Young; J. Lynne Kneedy, trustee of the J. Lynn Kneedy Trust; John Kurtz; Marjorie Reid, trustee of the Marjorie Ann Reid Trust; Glenwood Ventures LLC (Elizabeth Carlston and Benjamin Allen, managers);

1

JSGV Properties, LLC (Jennifer Smith, manager); MaxHan Holdings, LLC (Monika Hansen, manager); Ivan Warner, Windmill Properties II, LLC (Simon DeJong, manager); Green Cove Investments, LLC (James Tucker, manager); Quaking Aspen Properties, LLC (Gerald DelPriore and Marisa Fontaine, managers), and Joan Befort, trustee of the Joan Alice Befort Living Trust (collectively, "Plaintiffs"), through undersigned counsel submit this Motion for Leave to File Sur-Reply to Defendant Kevin Long's Motion to Dismiss with prejudice Plaintiffs' Second Amended Complaint [Dkt. 174] (the "Motion"). The Second Amended Complaint [Dkt. 173] shall be referred to as "SAC," and Defendant Kevin Long shall be referred to as "Long."

## RELIEF REQUESTED AND GROUNDS THEREFOR

In accordance with DUCivR 7-1(a)(1)(A), Plaintiffs move the Court for leave to file a short sur-reply in connection with Defendant Kevin Long's Motion [Dkt. 174] to respond to new evidence raised by Long in his Reply [Dkt. 195; 195-2]. "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). "Material" is broadly defined to include "both new evidence and new legal arguments." *Green*, 420 F.3d at 1196 (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003)). Because Kevin Long's Reply presents new evidence, it warrants a short sur-reply.

## BACKGROUND AND ARGUMENT

In his Reply, Kevin Long attached an email as an exhibit that was not included with his Motion. *See* Dkt. 195, Exhibit B; Dkt. 195-2. While Plaintiffs' SAC referenced the existence of communications, Plaintiffs did not attach them as exhibits. *See* Dkt. 173, ¶ 79. Kevin Long's

selective attachment of the single email—and reliance upon it for a specific inference—constitutes new evidentiary material presented for the first time on reply.

In pertinent part, Plaintiffs' SAC alleges that in October 2023, "Machlis, Wolocatiuk and Kevin Long emailed as to the fact that '[t]here is no chance that rent will magically appear before we make distributions to TIC owners'"—underlining the assertion that Kevin Long had direct knowledge of material information he deliberately withheld from Plaintiffs in furtherance of the fraudulent scheme. *See* Dkt. 173, ¶ 79. In his Reply, Kevin Long attaches an email with that direct quote, pointing out that he was not party to the initial email exchange and insinuating a lack of knowledge of its contents. *See* Dkt. 195 at 3.

While accusing Plaintiffs of misrepresenting the email, Kevin Long does not disclose that, although he was not copied on the *initial* correspondence, the email was promptly forwarded to him by the email's recipient, who noted that it represented Mr. Machlis's "response concerning rents." This of course directly undercuts any inference that he lacked knowledge of its contents, and it illustrates that Kevin Long's Reply relies on an incomplete presentation of the exhibit.

As such, Plaintiffs had no opportunity to address the exhibit or Defendant's characterization of it in their opposition. Plaintiffs do not seek to relitigate the Motion or raise new legal theories. Instead, the proposed sur-reply—attached hereto—simply aims to provide the complete email chain so the Court is not misled by an incomplete record.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, Plaintiffs Cheryl Tomac, trustee of the Tomac Trust; Royal West Properties, LLC (Willard Malmstrom, manager); Colleen Overson, trustee of the Wayne B. Bulau Irrevocable Trust; James Herbert, trustee of the Revocable Trust Agreement of James A. Herbert; Janice Young; J. Lynne Kneedy, trustee of the J. Lynn Kneedy Trust; John Kurtz;

Marjorie Reid, trustee of the Marjorie Ann Reid Trust; Glenwood Ventures LLC (Elizabeth Carlston and Benjamin Allen, managers); JSGV Properties, LLC (Jennifer Smith, manager); MaxHan Holdings, LLC (Monika Hansen, manager); Ivan Warner, Windmill Properties II, LLC (Simon DeJong, manager); Green Cove Investments, LLC (James Tucker, manager); Quaking Aspen Properties, LLC (Gerald DelPriore and Marisa Fontaine, managers), and Joan Befort, trustee of the Joan Alice Befort Living Trust respectfully request the Court grant leave to file the attached Sur-Reply to Defendant Kevin Long's Motion to Dismiss. In the alternative, Plaintiffs request that the Court decline to Consider Kevin Long's Reply exhibit [Dkt. 195-2] to the extent it is incomplete or misleading.

      RESPECTFULLY SUBMITTED this 20th day of January, 2026.

            */s/ A. Lee Rigby*

**BLACKBURN & STOLL, LC**
Brett Anderson (11809)
257 East 200 South, #800
Salt Lake City, UT 84111
Telephone: 801-578-3540
bretta@blackburn-stoll.com

**RIGBY SLACK, PLLC**
A. Lee Rigby (*pro hac vice*)
David C. Lawrence (*pro hac vice*)
William A. Duncan (*pro hac vice*)
Braden N. Anderson (*pro hac vice*)
3500 Jefferson St., Suite 330
Austin, Texas 78731
Telephone: 512-782-2060
lrigby@rigbyslack.com
dlawrence@rigbyslack.com
wduncan@rigbyslack.com
banderson@rigbyslack.com

*Attorneys for the Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that on January 20, 2026, the foregoing was forwarded via the CM/ECF system to all parties entitled to notice of the same.