Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone:  (801) 532-7840
Facsimile:  (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Defendant Kevin Long*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHERYL TOMAC, an individual and trustee of the Tomac Trust, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COLLIERS INTERNATIONAL GROUP, INC., et al., <br><br> Defendants. | OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT KEVIN LONG'S MOTION TO DISMISS <br><br> Civil No. 2:24-cv-00774-DBP <br> Judge Robert J. Shelby <br> Chief Magistrate Judge Dustin B. Pead |

Defendant Kevin Long ("Long"), through his counsel, submits this Opposition to Plaintiffs' Motion for Leave to File Sur-Reply to Defendant Kevin Long's Motion to Dismiss (the "Motion").

INTRODUCTION

By the Motion, plaintiffs seek leave of the Court to file a sur-reply in order to introduce a new email that is not identified in the Second Amended Complaint ("SAC"), as well as arguments drawn from the email.  Sur-replies are universally disfavored by federal courts and are

only usually allowed in the event of "new material" introduced in a reply. Plaintiffs argue that Long somehow introduced "new material" by including a copy of an email that is specifically identified and discussed by plaintiffs in their opposition brief, as well as expressly referenced in their SAC, and arguing it does not support the position of plaintiffs in their opposition. This is not "new material" at all. Long attached the very email identified in the SAC and discussed by plaintiffs in their opposition, and he responded to those arguments. Accordingly, the Motion should be denied.

## ARGUMENT

In considering a motion to dismiss under Rule 12(b)(6), "[g]enerally, the sufficiency of a complaint must rest on its contents alone." *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Stated differently, the proper role of a court in ruling on a motion to dismiss is to assess the sufficiency of the allegations of the complaint and only the allegations of the complaint. Indeed, if matters outside of the pleading are considered by a court on a motion to dismiss, the motion must be converted to a motion for summary judgment, with certain procedures to be followed in notifying the parties and allowing the presentation of evidence. *See Burke v. Holdman*, 750 Fed.Appx. 616, 620 (10th Cir. 2018). The Tenth Circuit recognizes three general exceptions to this general restriction, including (1) documents that the complaint incorporates by reference … and (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Gee,* 627 F.3d at 1186.

In this case, Long filed a Motion to Dismiss [Dkt. 174] seeking dismissal of plaintiffs' Second Amended Complaint ("SAC") (in part) on the basis that plaintiffs fail to satisfy the

heightened pleading requirements under Rule 9(b) and the Private Securities Litigation Reform Act of 1995.  In their opposition to the Motion to Dismiss, and germane to this Motion, plaintiffs argue the heightened pleading requirements were satisfied as to plaintiff James Tucker's (as assignee of non-party Thom Belchak) securities fraud claim.  [Plaintiffs' Response in Opposition to Defendant Kevin Long's Motion to Dismiss ("Opposition" or "Opp.") {Dkt. 189}, pgs. 6-7.] Specifically, they claim that "on October 13, 2013, Long told Thom Belchak that NGX was 'paying rent and occupying the property,'" and that "[i]n October 2023, Long, Machlis and Wolocatuik <u>acknowledged in writing</u> that '[t]here is no chance that rent will magically appear before we make distributions to TIC owners.'"  [Id. *citing* SAC, ¶¶ 79, 81.]  (Emphasis added.) The purported "acknowledgement in writing" by Long was specifically referenced in paragraph 79 of the SAC.  In response to that argument by plaintiffs, in his Reply in Support of Defendant Kevin Long's Motion to Dismiss [Dkt. 195], Long addressed the argument by attaching the specific email identified in the SAC and relied on by plaintiffs for James Tucker's securities fraud claim, and pointing out that Long did not in fact make any such acknowledgement in writing (and thus the allegation in the SAC could not support the existence of a specifically identified misrepresentation or "scienter" by Long).  In fact, the email (and statements therein) relied on by plaintiffs was from Mr. Mark Machlis, and was sent to Ms. Ileana Ragione and Ms. Ashley Wolocatiuk and copied to Jamie Anderson.

     By the Motion, plaintiffs now seek to introduce additional arguments and a new email not identified or referred to in the SAC for the Court's consideration in ruling on the Motion to Dismiss, through the filing of a sur-reply.  Sur-reply briefs are universally disfavored by federal courts, including those within the Tenth Circuit, and are generally only permitted under rare

circumstances.  See e.g., *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corporation*, 99 F.4th 770, 774 (5th Cir. 2024) (holding that sur-replies are "heavily disfavored" and the decision to allow a sur-reply lies within the district court's discretion); *Mwithiga v. Pierce*, 758 F.Supp.3d 1230, 1236 fn. 1 (D. Nev. 2024) (noting that sur-replies are discouraged and "[o]nly the most exceptional or extraordinary circumstances warrant permitting a sur-reply to be filed.") (citation omitted); *Amargos v. Verified Nutrition, LLC*, 666 F.Supp.3d 1249, 1250 (S.D. Fla. 2022) (holding that sur-replies are generally only permitted in exceptional circumstances and "[t]o allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs.") (citations omitted); *Loomis v. Unum Group Corporation*, 539 F.Supp.3d 898, 905 (E.D. Tenn. 2021) (characterizing sur-replies as "'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'") (citations omitted); and *James v. Boyd Gaming Corporation*, 522 F.Supp.3d 892, 902-03 (D. Kan. 2021) (stating sur-replies typically aren't allowed and are permitted only with leave of court and under "rare circumstances") (citations omitted).

    Notwithstanding the general disfavor of sur-replies among courts, the Tenth Circuit Court of Appeals (and other federal courts) allows district courts to permit sur-replies where "new evidence" is introduced in the reply memorandum <u>and</u> the district court relies on said evidence. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).  "However, where the materials are not new or a court disregards any materials that are, that court need not permit a surreply."  *Id.* (citation omitted).

    Here, the Motion should be denied for the simple reason that Long's reply did not present new evidence or arguments.  In their Opposition, plaintiffs specifically referred to an email that

4

was expressly identified in the SAC, claiming it showed Long <u>acknowledged in writing</u> in October 2023 that '[t]here is no chance that rent will magically appear before we make distributions to TIC owners.'" [Opp. at pgs. 6-7; *citing* SAC, ¶¶ 79, 81.] In his reply, Long simply attached *the very email* identified and discussed by plaintiffs in their SAC and Opposition, and argued the email did not support their sufficiency of pleading arguments. Plaintiffs now seek to introduce a new email in November 2027 from Ms. Ileana Ragione to Long, forwarding the email that was actually written by Mr. Mark Machlis to other individuals. Ms. Ragione's email was not expressly identified or referred to in the SAC, and the Motion to Dismiss simply concerns the allegations contained in the SAC. Consequently, the only "new" evidence or arguments being presented here is an email outside of the four corners of the SAC that plaintiffs wish to introduce and expound upon through their sur-reply. This situation does not constitute "exceptional" or "rare" circumstances justifying the Court's permitting the filing of the sur-reply, and thus the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied. In the event the Court permits the filing of a sur-reply (which Long does not believe should be permitted), however, Long should be entitled to file a response to the sur-reply.

DATED this 3rd day of February, 2026.

                                              PARR BROWN GEE & LOVELESS

                                              By: /s/ *Rodger M. Burge*
                                                   Terry E. Welch
                                                   Bentley J. Tolk
                                                   Rodger M. Burge
                                                   Attorneys for Defendant Kevin Long

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2026 a true and correct copy of the foregoing OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT KEVIN LONG'S MOTION TO DISMISS was served via electronic service on all counsel of record.

/s/ Rodger M. Burge